# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

TRAVIS KEITH OFFILL                                                           PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:10CV-P631-H

BAPTIST HOSPITAL NORTH EAST                                              DEFENDANT

## <u>MEMORANDUM OPINION</u>

This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will *sua sponte* dismiss this action for lack of subject-matter jurisdiction.

## I.

Plaintiff, Travis Keith Offill, a convicted inmate currently incarcerated at the Kentucky State Reformatory (KSR) in LaGrange, Kentucky, has filed this action against Baptist Hospital North East. Plaintiff alleges that on September 1, 2010, fellow inmate Carlton Davis passed out and was found unconscious on his cell floor. As a result, he was rushed to Baptist Hospital East where a "CAT Scan" was performed on him. "The results came back good and [Inmate Davis] was returned back to KSR." Plaintiff states that Inmate Davis continued to complain of medical problems and was returned to Baptist Hospital North East on September 7, 2010. However, after another "good" "CAT Scan" Inmate Davis was again returned to KSR. Inmate Davis later died in his cell after crying and pleading for someone to please help him for head pain. Plaintiff alleges that the "autopsy report states that Inmate Carlton Davis died of a 'brain infection.'" Plaintiff states that this "clearly indicates that Inmate Davis's death was caused by the false report of the Baptist Hospital 'CAT Scan' results." He is bringing this action seeking compensation for the wrongful death of Davis and because "all his cries for help and [having] to

listen to Davis sufferings has caused him mental and emotional distress." He is seeking money damages in the amount of $75,000.00 and punitive damages in the amount of $300,000.00.

## II.

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. Federal courts must determine that they have jurisdiction before proceeding to the merits of a case. *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94-95 (1998). "One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Case law consistently holds that "an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." *Whitmore v. Arkansas*, 495 U.S. 149, 160 (1990) (quoting *Allen v. Wright*, 468 U.S. 737, 754 (1984)).

In suits brought under 42 U.S.C. § 1983, the question of who may bring an action for violations of a decedent's constitutional rights is answered by looking to state law. *See* 42 U.S.C. § 1988; *Robertson v. Wegmann*, 436 U.S. 584, 589 (1978); *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984). In Kentucky, only the decedent's personal representative can maintain a wrongful death action on his behalf. Ky. Rev. Stat. § 411.130(1).[1] And, any amount recovered "shall be for the benefit of and go to the kindred of the deceased." Ky. Rev. Stat. §

---

[1]The statute provides:

Whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it, or whose agent or servant caused it. If the act was willful or the negligence gross, punitive damages may be recovered. ***The action shall be prosecuted by the personal representative of the deceased.***

*Id.* (emphasis added).

411.130(2).  Plaintiff has not alleged nor does he appear to be the personal representative of Inmate Davis.  As such, he does not have standing to bring a suit on behalf of the decedent's estate.  Additionally, his status as a fellow inmate of the decedent is insufficient to confer standing on him.  *See, e.g.*, *Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977) (holding that one inmate does not have standing to sue on behalf of another).

Finally, Plaintiff cannot pursue damages for mental and emotional injury because he has not alleged that he suffered any personal, physical injury.  "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

Accordingly, the Court concludes that the present complaint must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), inasmuch as Plaintiff, a fellow inmate of the decedent, lacks standing to bring an action on behalf of the decedent or in his own name.[2]

The Court will enter an Order consistent with this Memorandum Opinion.

Date:


cc:     Plaintiff, *pro se*

4412.008

---

[2]Federal Rule of Civil Produce 12(h)(3) allows a Court to *sua sponte* dismiss a case at any time for lack of subject-matter jurisdiction.  It provides:  "If the court determines at any time that it lacks subject-matter jurisdiction, the court shall dismiss the action."  *Id.*